UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TERRY ELSEMORE, and FRACTIONAL
STRATEGIES, LTD.,

          Plaintiffs,

-against-

THE LAKE PLACID GROUP, LLC,

          Defendant.

**PRETRIAL STIPULATION**

Civil Action No.: 05-CV-0306
(FJS/RFT)

---

    Pursuant to Paragraph 11(A) of the Amended Uniform Pretrial Scheduling Order, the attorneys for Plaintiffs and the attorneys for Defendant hereby stipulate and agree as follows:

    I.    Basis of Jurisdiction. Federal jurisdiction is based on diversity.

    II.    Exhibits. Annexed as **Exhibit A** is a list of all exhibits that can be stipulated into evidence; the exhibits listed on **Exhibit B** can be offered without objection as to foundation.

    III.    Facts Not in Dispute. The following facts are not in dispute:

    1.    In October, 2003, Plaintiff Terry Elsemore, the principal of Fractional Strategies, Inc. ("Consultant"), met with representatives of Defendant, The Lake Placid Group, LLC (the "Developer"), regarding a real estate development in Lake Placid, New York.

    2.    The real estate project ultimately was named the Whiteface Lodge.

    3.    The Project involved construction of approximately 85 units in a "grand lodge" or condo-hotel concept that the Developer intended to market and sell in fractional ownership interests.

    4.    The fractional ownership concept involves a condominium ownership format,

1

with buyers receiving deeds to use the units during a certain number of weeks per year, depending on whether the units were marketed in quarters, fifths, sixths, or some other fraction.

5. Marketing and sale of the units required the preparation, and acceptance for filing by the New York State Attorney General, of an offering plan and compliance with New York laws and regulations regarding marketing and selling condominiums.

6. The Consultant advised the Developer in October, 2003 that he had prior experience in resort fractional condominium projects in Vermont and New York, and had experience in developing offering plans and marketing and selling the units for developers.

7. In early December, 2003, the Developer and the Consultant agreed upon terms of a contract.

8. The Contract, dated December 5, 2003, was signed by both parties on December 7, 2003.

9. The Contract provides a "base salary" of $350,000 per year for a one year contract term, with an opportunity to receive bonuses (as described in the written contract).

10. The compensation was payable pursuant to a schedule set forth in the Contract. The terms of the Contract provide that the Consultant will receive $12,000 per month, until the first sales closings occur.

11. The Contract provides, in part:

> Upon the first closing in Whiteface Lodge & Club, Consultant will receive the balance of $29,167 (Twenty-

2

>> nine thousand, one hundred and sixty seven dollars) minus $12,000, or $17,167 for each and every month that has elapsed since Consultant's start date

12. The Contract also provides that the Developer will provide "mutually acceptable housing at no expense to Consultant while Consultant is on site and engaged in said duties."

13. The Consultant rented a house in Lake Placid, and the Developer provided a housing allowance during the period the Consultant was employed.

14. Article IV of the Contract and Addendum A to the Contract sets forth the Consultant's duties.

15. In April, 2004, the proposed offering plan was submitted to the Attorney General for acceptance for filing.

16. On May 10, 2004, the Consultant was terminated by the Developer.

17. As of May 10, 2004, the Consultant had been paid $52,731.25.

18. On June 7, 2004, the Consultant sent a demand letter to the Developer requesting compensation.

19. In September, 2004, the Attorney General accepted the Offering Plan for filing

20. In March, 2005, the Consultant filed the Complaint in this action in the United States District Court for the Northern District of New York.

21. In May, 2005, the first closings occurred with respect to sales of units at the Whiteface Lodge.

IV. Facts in Dispute. The following facts are in dispute:

1. Was the Consultant terminated for cause?

    2.    Did the Consultant perform his duties under the Contract?

    3.    If the Consultant performed the duties under the Contract, how much compensation, if any, is due the Consultant?

    4.    What were the terms of the agreement regarding reimbursement of the Consultant's rent for housing in Lake Placid, and is the Consultant entitled to be reimbursed for rental charges accruing after May 30, 2004?

V.    <u>Issues of Law To Be Considered and Applied by the Court</u>.

    1.    Did the Developer have grounds to terminate the Consultant for cause?

    2.    Did the Developer breach the Contract by terminating the Consultant?

    3.    Did the Consultant's statements and actions prior to the termination on May 10, 2004 constitute an anticipatory breach or termination by the Developer?

    4.    If the Developer had grounds for terminating the Consultant, is the Consultant entitled to any additional compensation?

    5.    If the Developer breached, did the Consultant take sufficient action to mitigate his damages after the Contract was terminated?

DATED: June 21, 2007

SO STIPULATED:

By: *s/ see attached*  
Alan P. Biederman, Esq.  
Attorney for Plaintiffs  
24 Wales Street  
PO Box 6001  
Rutland, Vermont 05702  
Tele: (802) 775-1200  
Fax: (802) 775-1169

YOUNG, SOMMER, LLC

By: _____  
J. Michael Naughton, Esq.  
Attorney for Defendant  
Executive Woods  
Five Palisades Drive  
Albany, New York 12205  
Tele: (518) 438-9907  
Fax: (518) 438-9914

4

2. Did the Consultant perform his duties under the Contract?

3. If the Consultant performed the duties under the Contract, how much compensation, if any, is due the Consultant?

4. What were the terms of the agreement regarding reimbursement of the Consultant's rent for housing in Lake Placid, and is the Consultant entitled to be reimbursed for rental charges accruing after May 30, 2004?

V   Issues of Law To Be Considered and Applied by the Court

1. Did the Developer have grounds to terminate the Consultant for cause?

2. Did the Developer breach the Contract by terminating the Consultant?

3. Did the Consultant's statements and actions prior to the termination on May 10, 2004 constitute an anticipatory breach or termination by the Developer?

4. If the Developer had grounds for terminating the Consultant, is the Consultant entitled to any additional compensation?

5. If the Developer breached, did the Consultant take sufficient action to mitigate his damages after the Contract was terminated?

DATED: June 21, 2007

SO STIPULATED:

YOUNG, SOMMER, LLC

By: /s/ Alan P. Biederman
Alan P. Biederman, Esq.
Attorney for Plaintiffs
24 Wales Street
PO Box 6001
Rutland, Vermont 05702
Tele: (802) 775-1200
Fax: (802) 775-1169

By: _____
J Michael Naughton, Esq.
Attorney for Defendant
Executive Woods
Five Palisades Drive
Albany, New York 12205
Tele: (518) 438-9907
Fax: (518) 438-9914

4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TERRY ELSEMORE, and FRACTIONAL STRATEGIES, LTD.,

        Plaintiffs,

-against-

THE LAKE PLACID GROUP, LLC,

        Defendant.

**EXHIBIT A**

**STIPULATED EXHIBITS**

Civil Action No.: 05-CV-0306 (FJS/RFT)

| **Exhibit** | **Exhibit Description** |
|---|---|
| D-1 | Emails from/to Dave Holley to Terry Elsemore, dated October 14, 2003-October 16, 2003 |
| D-2 | Contract of Employment/Consulting Agreement between The Lake Placid Group, LLC and Fractional Strategies, Inc/Terry B. Elsemore, dated December 5, 2003 |
| D-3 | Terms of Employment Between Mark Keneston and Resort Holdings-Lake Placid, LLC |
| D-4 | Email from Defendant to Terry Elsemore, dated May 10, 2004 terminating Plaintiff's services |
| D-5 | Sales & Marketing Program for Whiteface Lodge & Club and Estimate of General Common Expense/Unit allocations |
| D-6 | Whiteface Lodge & Club Marketing & Sales Budget |
| D-7 | The Whiteface Lodge & Club "preliminary" and "final" Pricing & Fee Schedule |

1

| **Exhibit** | **Exhibit Description** |
|---|---|
| D-8 | Marketing material and brochure for Whiteface Lodge |

DATED: June 21, 2007
    Albany, New York

YOUNG, SOMMER, LLC

By: _____
J. Michael Naughton, Esq.
Bar Roll # 102257
Attorneys for Defendant
Executive Woods
Five Palisades Drive
Albany, New York 12205
(518) 438-9907 Ext. 244 (Tele)
(518) 438-9914 (Fax)

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TERRY ELSEMORE, and FRACTIONAL
STRATEGIES, LTD.,

        Plaintiffs,

-against-

THE LAKE PLACID GROUP, LLC.,

        Defendant.

**EXHIBIT B**

**STIPULATED EXHIBITS**

Civil Action No : 05-CV-0306
(FJS/RFT)

---

| Exhibit | Exhibit Description |
|---|---|
| D-9 | Sales and Marketing brochure for Whiteface Lodge |
| D-10 | Sales and Marketing brochure for Whiteface Lodge |
| D-11 | Sales and Marketing brochure for Whiteface Lodge |
| D-12 | Actual Budget and Pricing Schedules |

DATED: June 21, 2007
       Albany, New York

YOUNG, SOMMER, LLC

By: _____
J. Michael Naughton, Esq.
Bar Roll # 102257
Attorneys for Defendant
Executive Woods
Five Palisades Drive
Albany, New York 12205
(518) 438-9907 Ext. 244 (Tele)
(518) 438-9914 (Fax)